UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT CHARLES BREWER, JR.**　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 20-3226**

**SOCIAL SECURITY ADMINISTRATION**　　　　　**SECTION "T"(3)**

## ORDER

On July 7, 2022, the Magistrate Judge issued a Report and Recommendation ("the Report"), recommending that Robert Charles Brewer's motion for summary judgment be **GRANTED**, the Commissioner's decision be **REMANDED**, and the Plaintiff's case be **REMANDED** to the Commissioner for further proceedings.[1] For the following reasons, the Report is **APPROVED IN PART** and **ADOPTED IN PART**, and this matter is **REMANDED** for further proceedings in accordance with this Court's decision.

## LAW & ANALYSIS

In 2014, Robert Charles Brewer, Jr. was found to be disabled and awarded Supplemental Security Income benefits.[2] However, Mr. Brewer was later incarcerated and, after twelve months, forfeited his right to those benefits.[3] After being released in 2018, Mr. Brewer reapplied for benefits but was denied.[4] Now, Mr. Brewer appeals that decision. Generally, Mr. Brewer contends the 2014 disability finding should have had a "res judicata effect" on the 2018 decision.[5] Specifically, relying on several sister circuits, Mr. Brewer argues "a prior [disability] determination should be given preclusive

---

[1] R. Doc. 21 at 1.
[2] R. Doc. 18-1 at 1; R. Doc. 20-1 at 2.
[3] R. Doc. 18-1 at 1.
[4] *Id.*
[5] *Id.* at 2-4.

effect" unless a clear change in circumstances has occurred.[6] The Commissioner of the Social Security Administration disagrees.[7] The Commissioner, relying on Ninth Circuit precedent, argues there is "no basis for applying a presumption of continuing disability" after a person's benefits expire.[8]

As noted by the Magistrate Judge, "the Fifth Circuit has never given a direct, definitive ruling on the issue of whether prior [disability] determinations have *res judicata* effect."[9] However, the Fourth, Sixth, Seventh, and Ninth Circuits have weighed in. Generally, some opinions advocate for a "presumption" of a continuing disability, while others do not.[10] After reviewing those opinions and the existence of *res judicata* elsewhere in administrative law, the Magistrate Judge's Report found the presumption approach "persuasive."[11] Accordingly, the Report holds that Mr. Brewer was entitled to "some *res judicata* consideration in the [2018] proceeding" in light of his 2014 disability finding.[12] Consequently, because the "ALJ failed to consider…any res judicata effect" as well as "any evidence of record preceding 2018," the decision was based on a "clear error" and "was not supported by substantial evidence."[13]

After reviewing the administrative record, the filings, and the applicable law, the Court **APPROVES IN PART** the Magistrate Judge's Report and **ADOPTS IN PART** the Report as the Court's opinion. Although the Report correctly notes the lack of binding Fifth Circuit precedent on the

---

[6] *Id.* at 4.
[7] R. Doc. 20-1.
[8] *Id.* at 6.
[9] R. Doc. 21 at 7.
[10] *Id.* at 7-8.
[11] *Id.* at 8-12.
[12] *Id.* at 12.
[13] *Id.* at 13.

issue, this Court finds it unnecessary at this time to answer whether a past disability finding is binding or not. After all, regardless of which circuit's approach applies, it is clear that the ALJ must *at least* consider the 2014 disability finding.[14] However, the ALJ "did not [] consider the Commissioner's prior determination or the evidence in the record prior to 2018."[15] In ignoring Mr. Brewer's history, the ALJ committed "clear error" as their "decision was not supported by substantial evidence in the record as a whole."[16] Consequently, the decision must be re-examined with explicit consideration of the 2014 finding. However, in considering the prior finding, the ALJ is not bound to that decision. Instead,

> [I]f the Commissioner determines that plaintiff is not disabled again, then the ALJ must explain why she found the Plaintiff not disabled when the claimant had previously been found to be disabled. Although the Court recognizes that there are perfectly legitimate and reasonable reasons for denying benefits at a later date when benefits were awarded prior, those reasons must be set forth by the Commissioner in his decision in order for this court to engage in meaningful judicial review. This does not mean that the medical improvement standard must be applied, but that the decision should include an explanation of the basis from which one might conclude that plaintiff is not disabled, even though he was earlier determined to be disabled.[17]

Accordingly, the Report is **APPROVED IN PART** and **ADOPTED IN PART**, and the matter is **REMANDED** for further proceedings in accordance with this Court's decision.

---

[14] The Court finds that, at this time, it is premature to consider what weight a past finding should hold over an ALJ until a decision is actually made, other than to say it must be *at least* considered.
[15] R. Doc. 21 at 13.
[16] *Id.* at 13, 15-16.
[17] R. Doc. 21 at 19.

## **CONCLUSION**

**IT IS ORDERED** that the final decision of the Commissioner of Social Security denying the claim of Robert Charles Brewer, Jr. for supplemental security income (SSI) is **VACATED**, and the case is **REMANDED** for further proceedings in accordance with this Court's decision.

New Orleans, Louisiana this 22nd day of August, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge